### No. 12,898.

### THE STATE OF LOUISIANA VS. SAM DUCRE.

The defendant proposed to show (in order to corroborate his own testimony that he had bought the property he was charged with having stolen).
*Held:* That the evidence sought was hearsay.

ON APPEAL from the Sixteenth Judicial District Court for the Parish of St. Tammany. *Reid, J.*

---

*M. J. Cunningham*, Attorney General, and *D. S. Kemp*, District Attorney, for Plaintiff and Appellee.

*Henry L. Garland, Jr.*, for Defendant and Appellant.

Argued and submitted November 26, 1898.
Opinion handed down December 5, 1898.
Rehearing refused December 19, 1898.

The opinion of the court was delivered by

BREAUX, J.   The grand jury on the twenty-ninth day of January, 1898, presented an indictment to the court charging the accused, Sam Ducre, with larceny.

In June following the defendant was tried and found guilty as charged.

During the trial the defendant reserved a bill of exceptions, the grounds of which he urges here in his defence.

The facts stated in the bill of exceptions are that the son of the man whose horse was alleged to have been stolen appeared before a justice of the peace court and expressed the wish to institute a civil proceeding to recover the horse or the value of same.

The justice of the peace required security for costs, whereupon the son abandoned a civil proceeding and resorted to a criminal pro-ceeding.

The defendant contends that the evidence sought would have cor-roborated his own testimony and would have enabled him to prove that he bought the horse from the son.

The defendant testified that he bought the horse charged to have been stolen from the son of the owner.

The trial judge states, as appears by the narrative of the bill of exceptions, that the accused testified that the son of the owner of the horse was in the parish.  He lived near the accused, and that his attendance was easily to be procured.

The court ruled that it devolved upon the defendant to produce the son as a witness, and if he denied that he sold the horse, the testimony of the justice of the peace might be admissible to impeach him, otherwise the testimony was open to the objection that it was the testimony of a third person.

The State is the plaintiff, the son was not a party.  Evidence to

prove his statements to the justice of the peace made some time previous was, in our judgment, hearsay.

Mr. Bishop, upon the subject of hearsay, says: "The person injured or the acting prosecutor is not a party, therefore his utterances out of court are hearsay." He may be called as a witness, whereupon if his testimony differs from the declarations *in pais*, they may be shown to discredit him. Bishop's New Criminal Proceeding, Vol. 1, p. 1083.

The defendant did not choose to avail himself of the right accorded under the rules of evidence, of calling the son as a witness. In the absence of even an attempt on his part to procure the testimony of this witness, we should not be justified in granting him the relief he asks.

Counsel arguing for his client urged that the statement made by the son was part of the *res gestæ*. It was not. The statement made at the time, not contemporaneous, was not part of a transaction, but a separate and distinct statement not connected with any transaction which could be brought up before the court in the manner sought.

The defendant, we have seen, testified that he had bought the property from the son of the owner. The statement of the son to the justice of the peace (showing a change in matter of procedure), as before stated, would not prove that he had made sale to the defendant of the property. If it had a tendency in that direction the evidence offered, for reasons before assigned, would not have been admissible. As relates to defendant's surprise, or that he was taken unawares, he had no reason to assume that his asserted vendor would be present at the trial as a witness for the State. His name was not endorsed on the indictment and nothing showed that it was the intention of the defendant to have him present as a witness. It was for the defendant, if he desired the testimony of this witness, to have a subpœna issued. We think the District Judge did not err in rejecting proof offered of the son's declaration. There was, as we gather, no privity between the alleged owner of the horse and his son. If the son's testimony could be admitted in evidence it must be on principles which would admit the evidence of any stranger. State vs. Maitreme, 14 An. 842. We have found no ground upon which, in our view, the verdict can be annulled.

It is ordered, adjudged and decreed that the sentence and judgment appealed from are affirmed.